UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM POTTER, | |
| Plaintiff, | Case No. 3:17-cv-00179 |
| v. | Judge Trauger |
| SONYA TROUTT, et al. | Magistrate Judge Newbern |
| Defendants. | |

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

This action has been referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for report and recommendation on all dispositive motions. (Doc. No. 3.) Now pending before the Court is Defendant Southern Health Partners' motion to dismiss (Doc. No. 13), which asserts that Plaintiff Adam Potter's 42 U.S.C. § 1983 claim is untimely. For the reasons stated below, the undersigned recommends that the motion to dismiss be DENIED. However, because Potter has failed to state a claim against Southern Health Partners—the only remaining defendant in this action—the undersigned RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE on this Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **Factual and Procedural Background**

Plaintiff Adam Potter, proceeding pro se and *in forma pauperis* (Doc. No. 3), brought this prisoner civil rights action under 42 U.S.C. § 1983 on January 27, 2017. (Doc. No. 1.) At that time, Potter was a pretrial detainee at the Sumner County Jail in Gallatin, Tennessee. (Doc. No. 1, PageID# 1–2.) Potter claims that, when he arrived at the jail, he had "pieces of glass in [his] left

eye" as the result of a recent car wreck. (*Id.* at PageID# 5.) Despite Potter's submission of "several sick call forms and grievances," "medical staff refused to send [him] to a[n] eye doctor," which Potter claims violated his "Eighth Amendment right to have adequate medical care."[1] (*Id.*) Potter cites grievances written on December 9, December 10, and December 21, 2015, as "just a few of the grievance[s he] wrote out." (*Id.*) Potter states that he eventually lost vision in his left eye. (*Id.*) He seeks $250,000.00 in damages for the loss of vision in his left eye, mental anguish, and pain and suffering. (*Id.* at PageID# 6.)

Potter named Sonya Troutt, the Administrator of the Sumner County Jail, and Southern Health Partners (SHP) as defendants to his claim. The Court dismissed all claims against Troutt on February 7, 2017, finding that there was "no suggestion" in Potter's complaint "that [Troutt] took part in any medical decision" relating to his care. (Doc. No. 3, PageID# 21.) SHP has now moved to dismiss Potter's claim against it under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 13), arguing that the claim is barred under Tennessee's one-year statute of limitations applicable to personal injury actions. (Doc. No. 14, PageID# 47.)

Potter did not respond to SHP's motion. On October 23, 2017, the Court ordered Potter to show cause within thirty days why this action should not be dismissed for the reasons set out in SHP's motion to dismiss or for failure to prosecute his claims. (Doc. No. 16, PageID# 54.) On November 17, 2017, the Court received a letter from Kimberly Williams who stated that she was "speaking on behalf of" Potter. (Doc. No. 17, PageID# 55.) Williams stated that Potter was incarcerated at Sumner County Jail; the only mail Potter had received relating to the case was the Court's October 23, 2017 show cause order; Potter had "sent multipl[e] letters to the court in order

---

[1] The Court has construed Potter's claim as arising under the Fourteenth Amendment, which provides pre-trial detainees with an analogous right to medical care. (*See* Doc. No. 3, PageID# 20 (citing *Gray v. City of Detroit*, 399 F.3d 612, 615-16 (6th Cir. 2005).)

to properly provide adequate evidence showing cause of the suit against Southern Health Care Partners"; and Potter opposed dismissal of the case. (*Id.*) Williams also informed the Court that Potter was "concerned that his mail is not being properly sent and received." (*Id.*) The Court construed Williams's letter as Potter's response to its show cause order. (Doc. No. 18, PageID# 57.) The Court directed the Clerk's Office to mail Potter a copy of SHP's pending motion to dismiss and ordered Potter to file any response in opposition by December 13, 2017. (*Id.*) The order warned Potter "that a failure to respond may be construed as a lack of opposition to [SHP's] motion and result in the recommendation that this action be dismissed." (*Id.* at PageID# 57.) The Court also sent a copy of its order to Williams. Potter has not made any further filings in this action.

## II.     Legal Standard

Federal Rule of Civil Procedure 8(a) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statute of limitations is an affirmative defense, and a plaintiff does not have to plead that a claim is timely in order to satisfy Rule 8(a). *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). "For this reason, a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Id.* Nevertheless, when the allegations in a complaint "affirmatively show that [a] claim is time-barred," the claim may be dismissed under Rule 12(b)(6). *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Actions brought under 42 U.S.C. § 1983 "are governed by the state-law statute of limitations for personal-injury torts." *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In

3

Tennessee, actions for "injuries to the person" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). The question of when the cause of action accrues—and, thus, when the statute begins to run—is "governed by federal rules conforming in general to common-law tort principles." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Howell*, 655 F. App'x at 351. The common-law tort that most closely mirrors a deliberate indifference claim is medical malpractice. *Tankesly v. Corr. Corp. of Am.*, 2017 WL 3034654, at *11 (M.D. Tenn. July 18, 2017) (quoting *Devbrow v. Kalu*, 705 F.3d 765, 767 (7th Cir. 2013)). In the Sixth Circuit, a medical malpractice claim accrues "when the plaintiff 'knows both the existence and the cause of his injury.'" *Id.* (quoting *Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013)).

Determining when a plaintiff knows of the existence and cause of an injury is a fact-intensive inquiry that differs between claims in which the plaintiff alleges harm arising from a specific doctor-inflicted injury and those in which the plaintiff claims that the failure to treat an injury or condition has resulted in a "more serious medical problem." *Id.* (quoting *Augustine v. United States*, 704 F.2d 1074, 1078 (9th Cir. 1983)). "[I]n a case involving failure to diagnose or treat, a plaintiff's cause of action accrues when he 'becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition.'" *Id.* The Court must look to the plaintiff's complaint and identify the specific injury for which he seeks damages. A claim for emotional distress damages arising from a prison's refusal to send an inmate to the doctor after he complains of symptoms, for example, may accrue earlier than a claim for damages arising from the eventually diagnosed condition. *See Debvrow*, 705 F.3d at 769.

**III.	Analysis**

Potter signed his complaint on January 8, 2017 (Doc. No. 1, PageID# 6). Applying the prison mailbox rule, it is deemed to have been filed on that date. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Thus, any claim for injury that accrued before January 8, 2016, will be untimely, absent any tolling of the statute of limitations.

SHP takes the position that Potter's claim accrued in December 2015, when he sought and was denied medical treatment for the glass in his eye. (Doc. No. 14, PageID# 48.) SHP argues that Potter "was clearly aware of the alleged injury that is the basis of this action [in December 2015] because *he alleges he filed three grievances complaining about the treatment for his eye*." (*Id.*) (emphasis original). Potter alleges that he filed grievances on December 9, December 10, and December 21, 2015, and states that these were "just a few" of the grievances he filed regarding his injury. (Doc. No. 1, PageID# 5.)

Even if the Court accepts SHP's argument that Potter's claim accrued in December 2015, it is not apparent from the face of his complaint that the claim is untimely.[2] The Prison Litigation Reform Act requires a prisoner to exhaust his administrative remedies before bringing a claim in federal court, and the statute of limitations for that action is tolled while the prisoner meets that

---

[2]  Although the Court need not reach this issue, it is also not clear from the face of Potter's complaint when the injury for which he seeks damages accrued. The injury that is the basis of Potter's claim is the "los[s] of vision in [his] left eye." (Doc. No. 1, PageID# 6.) The loss of vision appears to be the "more serious condition" that developed from "the pre-existing problem" of glass in Potter's eye. *Tankesly*, 2017 WL 3034654, at *11; *see also Harvey v. U.S.*, 685 F.3d 939, 948 (10th Cir. 2012) (holding that the relevant injury for accrual purposes is the one caused by the "lack of treatment, not the pre-existing injury that brought the patient to the doctor's door") *Id.*. Potter does not identify the date on which the loss of vision occurred, other than as at some point after the jail staff refused to send him to an eye doctor in December 2015. (Doc. No. 1, PageID# 5.) Because the date on which Potter lost his vision is the date on which his claim for that injury accrued, the timeliness of that claim cannot readily be determined from the face of Potter's complaint.

requirement. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Thus, assuming that they addressed the subject of this litigation, the statute of limitations for Potter's claim would have been tolled while he pursued the grievances he filed in December 2015. SHP offers no evidence as to how much time must be afforded to Potter for that purpose, nor is that clear from the face of his complaint. *Surles v. Andison*, 678 F.3d 452, 457 (6th Cir. 2012). Because SHP has not shown that Potter's claims were untimely after considering any tolling for the time that he exhausted his administrative remedies, his complaint cannot be dismissed on statute of limitations grounds at this stage of the proceedings. *Id.*; *Brown*, 209 F.3d at 596 ("In order to properly determine the last possible date on which [a plaintiff] could file his complaint, it is necessary to determine the period of time during which the limitations period was tolled in order for [the plaintiff] to pursue his administrative remedies.")

However, because Potter is proceeding *in forma pauperis*, this Court has an obligation to dismiss his case if it determines at any time that he has "failed to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The undersigned finds on this sua sponte review that Potter has not stated a claim against SHP. As a contractor providing services to a government entity, SHP is subject to suit under § 1983 when its policy or custom results in a constitutional violation. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). SHP cannot be held liable for the acts of its employees on a *respondeat superior* theory. *Id.* Thus, to state a claim against SHP, Potter must plead that SHP's policy or custom caused the deliberate indifference that underlies his claim. *See Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).

Construing Potter's complaint in the light most favorable to him, it is impossible to find that Potter has pleaded a claim against SHP that can proceed. Potter's complaint names SHP as a defendant, but makes no other reference to it in any of its allegations. (*See* Doc. No. 1, PageID#

1–6.) Potter alleges only that "medical staff" refused to send him to an eye doctor. (*Id.* at PageID# 5.) Even if the Court were to infer that SHP employs the medical staff at the Sumner County Jail, which is not evident from Potter's claims, SHP cannot be held liable for the acts of its employees absent identification of a policy or custom under which they acted in causing Potter harm. Potter's complaint contains no such allegations. Because SHP is the only remaining defendant in this action, the undersigned must recommend that it be dismissed.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge RECOMMENDS that SHP's Motion to Dismiss (Doc. No. 13) be DENIED, but that Potter's claim be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) on this Court's sua sponte review.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 20th day of February, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge