UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADAM POTTER,<br><br>    Plaintiff,<br><br>v.<br><br>SONYA TROUTT, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00179<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered February 7, 2017, the Court referred this action to the Magistrate Judge under 28 U.S.C. § 636(b)(1) to dispose or recommend disposition of any pretrial motions. (Doc. No. 4, PageID# 21.) There has been no operative complaint in this action since March 19, 2018, when the Court dismissed Plaintiff Adam Potter's claims without prejudice to his filing an amended complaint. (Doc. Nos. 19, 21.) The Court twice extended the deadline for Potter to file an amended complaint, finally to July 16, 2018. (Doc. Nos. 23, 26.) Potter has not done so, nor has he responded to the Court's August 20, 2018 order requiring him to show cause within twenty-one days why his lawsuit should not be dismissed for failure to prosecute or comply with the Court's order (Doc. No. 29). The Magistrate Judge therefore RECOMMENDS that this case be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b).

I.  **Factual and Procedural Background**

Proceeding pro se, Potter brought this action under 42 U.S.C. § 1983 on January 27, 2017, when he was a pretrial detainee at the Sumner County Jail (SCJ) in Gallatin, Tennessee. (Doc. No.

1, PageID# 1–2.) He is now incarcerated at the Bledsoe County Correctional Complex (BCCC). (Doc. No. 27.) In his original complaint, Potter alleges that, when he arrived at SCJ, he had pieces of glass in his left eye as the result of a recent car wreck. (Doc. No. 1, PageID# 5.) Potter states that, despite submitting sick call forms and grievances, the SCJ's medical staff refused to send him to an eye doctor and, eventually, he lost vision in the injured eye. (*Id.*) Potter alleges that this violated his Eighth Amendment right to have adequate medical care and seeks $250,000 in damages "for mental anguish[] and pain and suffering." (*Id.* at PageID# 5–6.) Potter named Sonya Troutt, the Administrator of SCJ, and Southern Health Partners (SHP) as defendants. (*Id.* at PageID# 2.)

On February 7, 2017, the Court granted Potter's application to proceed in forma pauperis and dismissed all claims against Troutt after finding that there was "no suggestion that [Troutt] took part in any medical decision" relating to Potter. (Doc. No. 3, PageID# 21.) SHP moved to dismiss Potter's claims under Federal Rule of Civil Procedure 12(b)(6) on March 30, 2017 (Doc. No. 13), arguing that Tennessee's one-year statute of limitations applicable to personal injury actions barred Potter's claim.

Potter did not respond to SHP's motion despite two orders from the Court that he do so. On October 23, 2017, the Court ordered Potter to show cause within thirty days why his action should not be dismissed for the reasons set out in SHP's motion to dismiss or for failure to prosecute. (Doc. No. 16, PageID# 54.) On November 20, 2017, the Court received a letter from Kimberly Williams who claimed to be "speaking on behalf of" Potter. (Doc. No. 17, PageID# 55.) Williams stated that Potter was incarcerated at SCJ and that: (1) the only mail Potter had received relating to the case was the Court's October 23, 2017 show cause order; (2) Potter had "sent multipl[e] letters to the court in order to properly provide adequate evidence showing cause of the

suit against Southern Health Care Partners"; and (3) Potter opposed dismissal of the case. (*Id.*) Williams also informed the Court that Potter was "concerned that his mail [was] not being properly sent and received." (*Id.*) The Court construed Williams's letter as a response to the show cause order and informed Williams that, as a non-lawyer, she could not make filings on Potter's behalf. (Doc. No. 18, PageID# 57.) The Court then directed the Clerk's Office to mail Potter a copy of SHP's pending motion to dismiss and ordered Potter to file any response in opposition by December 13, 2017. (*Id.*) The order warned Potter "that a failure to respond may be construed as a lack of opposition to [SHP's] motion and result in the recommendation that this action be dismissed." (*Id.* at PageID# 57.)

On February 20, 2018, the Magistrate Judge recommended that SHP's motion to dismiss be denied, but found, after a sua sponte review under 28 U.S.C. § 1915(e)(2)(B)(ii), that Potter had failed to state a claim against SHP by "alleg[ing] only that 'medical staff' refused to send him to an eye doctor." (Doc. No. 19, PageID# 65.) The Magistrate Judge therefore recommended that Potter's lawsuit be dismissed without prejudice. (*Id.* at PageID# 59.) On March 19, 2018, Potter filed a motion to amend his complaint, explaining that, "when he referenced 'medical staff'" in his original complaint, he was referring to "Dr. Matthews and Nurse Shelly, the chronic care nurse." (Doc. No. 20, PageID# 66.) The District Judge granted Potter's motion to amend on March 19, 2018, giving him thirty days to file an amended complaint. (Doc. No. 21, PageID# 71–72.)

Potter did not file an amended complaint and, instead, filed a letter with the Court in which he inquired about the status of his motion to amend, stating that he "never received any response at all concerning [that filing]." (Doc. No. 24, PageID# 78.) The Court directed the Clerk's Office to mail to Potter a copy of the Court's order granting him leave to amend and extended the amendment deadline to June 1, 2018. (Doc. No. 23, PageID# 76.)

3

Potter then filed a document entitled "Order of Complaint" on May 22, 2018, in which he "humbly petitions [the] Court to acknowledge his amended complaint" and sets forth barebones allegations. (Doc. No. 25, PageID# 85.) In a June 18, 2018 order, the Court found that, "[a]lthough Potter has not filed anything that can be adequately construed as an amended complaint, he has named two individual defendants by identifying Dr. Matthews and Nurse Shelly" and "[h]e has also identified as-yet-unnamed individual nurse defendants." (Doc. No. 26, PageID# 90.) The Court therefore ordered Potter "to file an amended complaint naming these individual defendants and including his factual allegations and legal claims" by July 16, 2018. (*Id.* at PageID# 91.)

Potter did not file an amended complaint, although he did file a notice of change of address on July 2, 2018, stating that he had been transferred to the BCCC. (Doc. No. 27.) The Court's June 18, 2018 order was subsequently resent to Potter's new address. (Doc. No. 28.) On August 20, 2018, the Court noted that Potter had yet to file an amended complaint and ordered him to "show cause within twenty-one days . . . why his lawsuit should not be dismissed for his failure to prosecute it or failure to comply with the Court's June 18, 2018 order." (Doc. No. 29, PageID# 96.) The order warned Potter "that his lawsuit may be dismissed if he fails to respond . . . ." (*Id.*) Potter has not responded.

## II.     Legal Standard

Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) does not abrogate the power of courts, "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Carter v. City of Memphis*,

636 F.2d 159, 161 (6th Cir. 1980) ("[i]t is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal") (citing *Link*, 370 U.S. at 626).

In determining whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b). There is no evidence that Potter's apparent abandonment of his lawsuit is driven by bad faith. Regardless, he is "at fault for failing to comply with the Court's Orders." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). Potter was ordered on June 18, 2018, to file an amended complaint by July 16, 2018. (Doc. No. 26.) He did not. Potter then failed to respond to the Court's order to show cause why his lawsuit should not be dismissed. (Doc. No. 29.) That order warned Potter that his

lawsuit might be dismissed if he failed to respond. (*Id.*) Again, he filed nothing. Nor is this the first time Potter has been unresponsive to the Court's orders—despite twice being ordered to respond to SHP's motion to dismiss, he did not do so. (Doc. Nos. 16, 18.)

Dismissal of Potter's complaint without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal"). Dismissal without prejudice best addresses the interests of this litigation.

## IV. Recommendation

Given Potter's failure to comply with, or even respond to, the Court's orders, the Magistrate Judge RECOMMENDS that this lawsuit be DISMISSED WITHOUT PREJUDICE under Federal Rule 41(b).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of December, 2018.

.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

6